IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>MAXIE RICHARD ARTHUR,<br><br>Defendant/Movant. | Cause No. CR 19-23-BU-DLC<br>CV 20-42-BU-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Maxie Richard Arthur's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  Arthur is a federal prisoner proceeding pro se.

The transcripts of the change of plea and sentencing hearings are needed to decide the issues Arthur presents.  The United States will be required to order these transcripts for the record and to deliver copies to Arthur.  *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

1

Governing Section 2255 Proceedings for the United States District Courts.  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On October 3, 2019, a grand jury indicted Arthur on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (Count 1); one count of possessing an unregistered destructive device, a violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 2); and one count of making a destructive device, a violation of 26 U.S.C. §§ 5822, 5861(f), and 5871 (Count 3). *See* Indictment (Doc. 12) at 2–3.

On November 4, 2019, Arthur entered into a plea agreement with the United States.  He agreed to plead guilty to Count 2, possession of an unregistered destructive device, and the United States agreed to dismiss Counts 1 and 3.  *See* Plea Agreement (Doc. 21) at 2 ¶ 3.

On March 6, 2020, Arthur was sentenced to serve 48 months in prison, to be followed by three years' supervised release. *See* Judgment (Doc. 38) at 2–3. His conviction became final when his time to appeal expired, on March 20, 2020. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Arthur timely filed his § 2255 motion on August 27, 2020. *See* Mot. § 2255 (Doc. 44) at 5; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III.  Claim and Analysis

Arthur claims counsel was ineffective because he did not seek downward departures reflecting the conduct of a "victim" or Arthur's diminished capacity due to posttraumatic stress disorder. *See* Mot. § 2255 at 3 ¶ 16(A)–(B).

These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Arthur must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Counsel's sentencing memorandum explained that Arthur "received multiple, ongoing threats of violence from an individual involved in drug trafficking" in Anaconda. Although Arthur contacted law enforcement, they provided no help, so Arthur took steps to protect himself. *See* Def. Sentencing

3

Mem. (Doc. 33) at 4–5.  At the sentencing hearing as well, counsel discussed the threats Arthur had received.  Counsel also obtained a mental health and chemical dependency evaluation before sentencing.  In the course of that evaluation, Arthur said a person had made multiple threats against himself, his significant other, and his infant son.  The threats to Arthur's son were especially traumatizing, triggering his memories of growing up in gang culture and witnessing violent crimes.  The evaluator included Arthur's reports in his evaluation.  *See* Sells Eval. (Doc. 34) at 2–5 (filed under seal).

As the sentencing transcript reflects, the Court read the evaluation before sentencing and found it helpful and informative.  The advisory guideline range was 57 to 71 months.  *See* Statement of Reasons (Doc. 39) at 1 § III.  Based on Arthur's sincere desire to parent his child and all that desire said about his mental and emotional condition, his family ties, and the seriousness of his drug problem, the Court varied downward to a sentence of 48 months.  That sentence was sufficient, but not greater than necessary, to accomplish the objectives of federal sentencing. *See id*. at 3 §§ VI(C)–(D).

The existing record of the case demonstrates that counsel was not ineffective.  The facts to which Arthur refers were known to the Court.  So were facts indicating that Arthur assaulted his son's mother and that officers found in their home three firearms and ammunition in addition to the destructive device.

*See* Presentence Report ¶¶ 17–19, 21, 23.  Despite his access to firearms, which

was already illegal, Arthur went further and made a bomb consisting of a glass jar

packed with gun powder, firecrackers, nails, and small balls, all intended to cause

maximum damage and bloodshed.[1]

Had counsel chosen to emphasize the threats against Arthur more heavily, he

likely would have further magnified the urgency of Arthur's need to get his

posttraumatic stress disorder under control and, consequently, the serious danger

he poses to others.

Arthur's allegations do not support a plausible inference either that counsel

performed deficiently or that he suffered prejudice as a result.  His claims are

denied.

## IV.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255

Proceedings.  A certificate should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

---

[1]  When Arthur was arrested, he said he built the explosive device with some friends and planned to buy zombie mannequins that bleed to see how the bomb affected them.  *See* Presentence Report ¶ 23.  Neither at the change of plea hearing nor at the time of sentencing did Arthur deny making that statement.  *See* Offer of Proof (Doc. 20) at 3 ¶ 3; Presentence Report Addendum at 32 (showing no objection).

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, no reasonable jurist would find that counsel missed a significant argument that had a realistic chance of benefitting his client. A certificate of appealability is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held November 14, 2019, and the sentencing hearing, held March 6, 2020, are needed to decide the issues Arthur presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver a copy of each to Maxie Richard Arthur, BOP # 17760-046, FCI Herlong, Federal Correctional Institution, P.O. Box 800, Herlong, California, 96113.

3. Arthur's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 44) is DENIED.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Arthur files a Notice of Appeal.

5. The clerk shall ensure that all pending motions in this case and in CV 20-

42-BU-DLC are terminated and shall close the civil file by entering judgment in

favor of the United States and against Arthur.

DATED this 9th day of February, 2021.

Dana L. Christensen, District Judge
United States District Court