IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–23–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MAXIE RICHARD ARTHUR, | |
| Defendant. | |

Before the Court is Defendant Maxie Richard Arthur's Unopposed Motion for Early Termination of Supervision. (Doc. 55.) The United States does not oppose. (*Id.* at 1.) United States Probation Officer Tim Lowrance "is fully supportive of early termination." (Doc. 56 at 4.) For the reasons below, the Court grants the Motion.

**Background**

On March 6, 2020, Defendant was sentenced for possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871, and 5841. (Doc. 38.) The Court sentenced Defendant to 48 months of imprisonment, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving his current term of supervision on January 19, 2023. (Doc. 56 at 2.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has completed 24 months of his 36-month term and has had no reports of violation. (Doc. 56 at 3.) Defendant resides at a sober living house in Billings and works at MSU-Billings and the Rimrock Foundation. (*Id.* at 4.) Defendant plans to pursue and obtain a Commercial Driver's License. (*Id.*) While Defendant has no remaining court ordered treatment obligations, he still attends four or five AA/NA

meetings a week. (*Id.*) Defendant hopes to be reunited with his five-year-old son who is currently in foster care. (*Id.*) Defendant believes termination of supervision would help facilitate that reunion. (*Id.*)

It is evident to the Court that Defendant is committed to sobriety and self-improvement. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 56) is GRANTED. Maxie Richard Arthur's term of supervised release is TERMINATED as of the date of this Order.

DATED this 6th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court